IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THIAMOND KING,
    Plaintiff,

vs.                                               3:07cv287/LAC/MD

JAMES McDONOUGH, et al.
    Defendants.

**ORDER and**
**AMENDED REPORT AND RECOMMENDATION**

    Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis* in the Middle District of Florida. On July 16, 2007, plaintiff was directed to file an amended complaint and motion to proceed *in forma pauperis* on the proper forms for this court. (Doc. 4). When he failed to timely do so after several extensions of time were granted, on November 2, 2007 the court entered a recommendation that this case be dismissed without prejudice. (Doc. 9). Plaintiff has now complied with the court's order, and the court finds that its previous recommendation should be dismissed. However, plaintiff's motion to proceed *in forma pauperis* is still deficient in that it fails to provide his account information for the six months preceding the filing of his complaint, as directed in the court's July order. And, having reviewed the amended complaint, applicable statutes and controlling case law, as well as court records from the Middle District of Florida, the court finds that this complaint is subject to summary dismissal.

    Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice that a case plaintiff filed in the Middle District of Florida was dismissed due to plaintiff's status as a "three-striker" and his inability to proceed *in forma pauperis*. (See 3:04cv209-J-32MCR, <u>King v. Crosby</u>, dismissed on June 14, 2004. May 31, 2006).[1] At least one case filed in this court since that date has also been dismissed as "malicious." (See 3:05cv226/RV/EMT, dismissed on September 2, 2005). Plaintiff must therefore pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury," 28 U.S.C. §1915, *Brown; Rivera, supra*, a fact he clearly should have been aware of at the time he filed this case.

---

[1] The court listed plaintiff's three strikes as follows: (1) 97-893-CIV-J-10A (abuse of judicial process); (2) 98-66-CIV-J-21A (abuse of judicial process); and (3) Eleventh Circuit Court of Appeal 99-2229-J (frivolous). The court specifically noted that in *Rivera*, the Eleventh Circuit found that the dismissal of one of the plaintiff's previous lawsuits as an abuse of the judicial process (for lying under penalty of perjury about the existence of a prior lawsuit) should count as one of the three strikes under this provision because "dismissal for abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Rivera v. Allin*, 144 F.3d at 731. When applying the provisions of §1915(g), it is proper to consider suits dismissed prior to its enactment, see *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999), although that was not necessary in plaintiff's case.

*Case No: 3:07cv287/LAC/MD*

In this action, plaintiff names as defendants DOC Secretary James McDonough, Inspector General Gerald Wasi or Paul Decker, and Warden J.S. Petrovsky or Ellis. He notes that at the time the complaint was filed, he was being housed at Santa Rosa Correctional Institution, although he is now at Charlotte Correctional Institution.  He appears to claim that the named defendants failed to protect him in that the nature of close management confinement, where two inmates who have been shown to be unable to live in open population are housed together, is inherently dangerous, particularly because inmates must be handcuffed behind their backs before they are removed from cells.  In his amended complaint, plaintiff complains about an event that occurred in August of 2004 when he was allegedly attacked by his cellmate while he was handcuffed, while a corrections officer who is not named as a defendant watched without intervening.  Plaintiff asserts that the named defendants failed to protect him from this harm, by allowing the creation of an unsafe environment.  Clearly, plaintiff seeks only to redress past harm.  Such allegations, even if true, do not entitle him to proceed *in forma pauperis* in this case.  Therefore, because a prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice, *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001), this action must be dismissed.  Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 13) is DENIED.

The court's recommendation entered on November 2, 2007 (doc. 9) is hereby VACATED.

And it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 14th day of November, 2007.

/s/ *Miles Davis*
       **MILES DAVIS**
       **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).